JUDGE FORREST

12 CIV 8457

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BBC CHARTERING & LOGISTIC GmbH & CO. KG,

                    Plaintiff,

      -against-

MITSUI SUMITOMO MARINE MANAGEMENT (U.S.A.), INC., SUMITOMO CORPORATION OF AMERICA, and CSX TRANSPORTATION, INC.,

                    Defendants.
------------------------------------------------------------X

ECF Case

**COMPLAINT FOR DECLARATORY JUDGMENT**

[RECEIVED NOV 19 2012 U.S.D.C. S.D.N.Y. CASHIERS]

Plaintiff, BBC Chartering & Logistic GmbH & Co. KG ("BBC"), by its undersigned attorneys, Clyde & Co US LLP, complaining of the defendants Mitsui Sumitomo Marine Management (U.S.A.), Inc. ("MSMM"), Sumitomo Corporation of America ("SCOA"), and CSX Transportation, Inc. ("CSX," and collectively with MSMM and SCOA, "Defendants"), alleges upon information and belief as follows:

## PARTIES AND JURISDICTION

1. This is a case of admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333, and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, in that it involves a claim for breach of a maritime contract for the carriage of goods by a vessel.

2. This Court also has subject matter jurisdiction over this matter pursuant 28 U.S.C. § 1331 as this action arises under the laws of the United States, including but not limited to the Carriage of Goods by Sea Act, Pub.L. 16 No. 74-521, 49 Stat. 1207 (1936), reprinted in note

following 46 U.S.C. § 30701 (previously codified at 46 U.S.C.App. §§ 1301 *et seq.*) ("COGSA"), which applies to the contract of carriage at issue in this matter.

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over all claims in this action that are so related to claims within this Court's original jurisdiction as to form part of the same case or controversy under Article III of the United States Constitution.

4. At all material times, plaintiff BBC was and now is a foreign corporation duly organized and existing under and by virtue of the laws of Germany, with an office and place of business at Hafenstr. 10b, 26789 Leer, Germany.

5. Defendant MSMM at all material times was and now is a corporation organized and existing under the laws of the State of New York, with an office and principal place of business at 560 Lexington Avenue, New York, NY 10022-6828, and at all relevant times was and is doing business in this District and within the jurisdiction of this Honorable Court.

6. Defendant SCOA at all material times was and now is a corporation organized and existing under the laws of the State of New York, with an office and principal place of business at 600 Third Avenue, New York, NY 10016-2001, and at all relevant times was and is doing business in this District and within the jurisdiction of this Honorable Court.

7. Defendant CSX at all material times was and now is a corporation organized and existing under the laws of the State of Virginia. According to records maintained by the New York Department of State, CSX is registered to do business in the State of New York and maintains a registered agent, Corporate Creations Network Inc., at 15 North Mill Street, Nyack, New York, 10960. CSX operates numerous facilities within the State of New York, and at all relevant times was and is doing business in this District and within the jurisdiction of this Honorable Court.

8. At all material times, Defendants were and are entities who allege, have or

2

may claim an interest as, or on behalf of, alleged insurers, consignees or receivers of the subject cargo, and thus would be affected by the declaratory judgment sought in this action.

## FIRST CAUSE OF ACTION:
## DECLARATORY JUDGMENT

9. Plaintiff BBC repeats and realleges each and every allegation contained in paragraphs 1-8 herein with the same force and effect as if set forth at length.

10. BBC operates vessels engaged in the business of the ocean carriage of goods to and from various ports in the world.

11. The M/V Batz ("Vessel") is an ocean-going vessel which at all material times was engaged in the carriage of goods by sea and carried the cargo at issue in this dispute.

12. At all material times, BBC chartered and operated the Vessel.

13. On or about October 4, 2011, BBC entered into a contract of private or common carriage with Sumitomo Corporation, evidenced by a booking note dated October 4, 2011 (the "Booking Note").

14. Defendant SCOA is a subsidiary of Sumitomo Corporation.

15. The Booking Note refers to BBC as "carrier" and "owners" and refers to Sumitomo Corporation as "merchant" and "charterer."

16. The Booking Note provides for the carriage of steel rail for CSX in two shipments of about 6,800 metric tons each from Yawata, Japan to Wilmington, North Carolina.

17. The Booking Note contains special loading terms, "F.I., S.T., L.S.D." (meaning "free in, stowed, lashed, secured, and dunnaged"), which placed responsibility with the shippers for safely loading and stowing the subject cargo.

18. The Booking Note also incorporates by reference the BBC Bill of Lading Terms and Conditions.

19. On or about January 13, 2012, bills of lading with numbers BBCH8303401YW02, BBCH8303401YW03, BBCH8303401YW04, BBCH8303401YW05, and BBCH8303401YW06 ("Bills of Lading") were issued on behalf of BBC for a shipment described as consisting of 698 bundles of steel rail sections of various sizes (the "Cargo").

20. The Bills of Lading identify Sumitomo Corporation as "Shipper," SCOA as "Consignee," and BBC as the carrier.

21. The Bills of Lading describe the cargo as a certain number of "B'DLES" or bundles, which are said to contain a certain number of "PCS" or pieces. (Bill of lading No. BBCH8303401YW02, for example, describes the "Number and kind of packages, description of cargo" as "686 B'DLES S.T.C. 3,430 PCS" or 686 bundles said to contain 3,430 pieces).

22. Each of the bundles identified on the Bills of Lading typically contained five rail pieces.

23. The Bills of Lading do not list any declared values for the Cargo.

24. The BBC Bill of Lading Terms and Conditions are attached to the Booking Note and the Bills of Lading, and provide in relevant part:

> **10. Loading and Discharging**
>
> . . . .
>
> (i) Cargo to be carried on terms liner in/free out, free in/liner out, free in/out shall be loaded and/or discharged (as applicable) by the Merchant free of any risk, liability, cost and expenses whatsoever to the Carrier. . . .
>
> . . . .

4

**18.    Packaging**

The Merchant is responsible for providing cargo that is properly packed and internally secured for ocean transportation, and that all centres of gravity are marked. . . .

**SPECIAL CLAUSES**

. . . .

**B.    U.S. Trade. Period of Responsibility.**

(i) In case the Contract evidenced by this Bill of Lading covers a shipment to or from a port in the United States, including any US territory, the U.S. Carriage of Goods by Sea Act of the United States of America 1936 (U.S. COGSA) shall apply. The provisions stated in said Act shall govern before loading, and after discharge and throughout the entire time the cargo is in the Carrier's custody and in which event freight shall be payable on the cargo coming into the Carrier's custody. For US trades, the terms on file with the U.S. Federal Maritime Commission shall apply to such shipments. In the event that U.S. COGSA applies, then the carrier may, at the Carrier's election commence suit in a court of proper jurisdiction in the United States in which case this court shall have exclusive jurisdiction.

(ii) If the U.S. COGSA applies, and unless the nature and value of the cargo has been declared by the shipper before the cargo has been handed over to the Carrier and inserted in this Bill of Lading, the Carrier shall in no event be or become liable for any loss or damage to the cargo in any amount exceeding USD500 per package or customary freight unit. . . .

25.    Pursuant to the contract of carriage, BBC carried the Cargo from Yawata, Japan to Wilmington, North Carolina on board the Vessel.

26.    On or about March 20, 2012, the Vessel arrived at the port of Wilmington, North Carolina and discharged the Cargo.

27.    At no time before, during, or within three days after the removal of the Cargo from the Vessel at Wilmington did any of the Defendants provide BBC with written notice of any

Case 1:12-cv-08457-KBF   Document 1   Filed 11/19/12   Page 6 of 8

loss or damage to the Cargo; nor did any joint inspection of the Cargo take place at the time of delivery and receipt of the Cargo by one or more of the Defendants in Wilmington. Pursuant to Section 3(6) of COGSA, therefore, *prima facie* evidence exists that BBC delivered the Cargo as described in the Bills of Lading.

28. On April 23, 2012, Elsa Joy, on behalf of SCOA, submitted a "notice of claim" to BBC alleging damage to the Cargo and identifying CSX as "customer."

29. MSMM, as alleged insurer for Sumitomo Corporation, has asserted a claim for damage or shortage to the Cargo, demanding payment of $180,039.75 from Thomas Miller (Americas) Inc. and BBC.

30. MSMM alleges that CSX rejected 250 pieces of the Cargo after discharge in Wilmington and that some of the bundles containing these pieces had allegedly lost integrity due to shifting of the Cargo during transport, allegedly resulting in damage to an unspecified number of these 250 pieces.

31. Defendants have wrongfully asserted liability on the part of BBC for damage or shortage to the Cargo that allegedly occurred while in the custody and care of BBC. Accordingly, BBC and the Defendants are interested parties under the contract of carriage within the meaning of the Declaratory Judgment Act, 28 U.S.C. § 2201(a).

32. If Defendants suffered any loss, which is denied, such loss resulted solely from the fault of the Defendants and/or others for whom BBC is not responsible, and not as a result of any fault or privity of BBC.

33. Defendants failed to mitigate their losses.

34. The Cargo was carried subject to valid terms and conditions of the Booking Note and the Bills of Lading or other contract containing limitations and/or exclusions of liability

6

which limit and/or bar any liability of BBC, including but not limited to terms which placed the responsibility for safely loading and stowing the Cargo on the shippers.

35. In the alternative, even if it were found that BBC is liable for any loss or damage of the Cargo, which is denied, such liability is subject to the $500 per package limitation in COGSA and specifically incorporated into the applicable Booking Note and Bills of Lading; for the purposes of this package limitation, the bundles identified in the Bills of Lading are the relevant "packages," and each bundle typically contained five rail pieces.

**WHEREFORE,** plaintiff prays that this Honorable Court:

a. Declare that Defendants cannot establish a *prima facie* case under COGSA because they cannot prove that the Cargo was loaded in actual good order and condition and was discharged in a damaged condition; and if it can be shown that the Cargo was so loaded and discharged in a damaged condition, that such loss resulted solely from the fault of the Defendants and/or others for whom BBC is not responsible, and not as a result of any fault of BBC.

b. Alternatively, declare that (1) BBC's maximum liability for the alleged losses is limited to $500 per "package" under COGSA; (2) that each bundle in which the Cargo was shipped constitutes a "package" for the purposes of determining BBC's maximum liability under COGSA; and (3) that Defendants cannot sustain their burden of establishing the number of bundles from which the allegedly damaged pieces originated.

c. Grant plaintiff such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
November 19, 2012

                                      **CLYDE & CO US LLP**
                                      Attorneys for Plaintiff
                                      BBC Chartering & Logistic GmbH & Co. KG,

                                      By: _____
                                             John R. Keough, III
                                             George G. Cornell
                                             405 Lexington Avenue, 16th Floor
                                             New York, New York 10174
                                             (212) 710-3900
                                             john.keough@clydeco.us